UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

**WISCONSIN PIPE TRADES HEALTH FUND,**
**WISCONSIN PIPE TRADES TRAINING SCHOOL, INC.,**
and
**WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST,**

        Plaintiffs,        Case No.

vs.

**JOHNSON CONTROLS, INC., a Wisconsin Corporation,**

        Defendant.

## COMPLAINT

NOW COME Plaintiffs, the WISCONSIN PIPE TRADES HEALTH FUND ("Health Fund"), the WISCONSIN PIPE TRADES TRAINING SCHOOL, INC. ("Training School") and the WISCONSIN PIPE TRADES 401(k) PLAN AND TRUST ("401(k) Plan") (collectively, the "Funds"), by and through their attorneys, JOHNSON & KROL, LLC, complaining of Defendant JOHNSON CONTROLS, INC. ("Johnson Controls"), and in support, allege as follows:

### JURISDICTION AND VENUE

1. This action arises under Sections 502 and 515 of the Employee Retirement Income Security Act ("ERISA") (29 U.S.C. §§ 1132 and 1145) and Section 301 of the Labor-Management Relations Act. (29 U.S.C. § 185). The Court has jurisdiction over the subject matter of this action pursuant to 29 U.S.C. § 1132(e)(1) and 28 U.S.C. § 1331.

2. Venue is proper in this Court pursuant to 29 U.S.C. § 1132(e)(2) in that the Health Fund,

Training School, and the 401(k) Plan have their principal places of business located, and funds administered, in Milwaukee County, Wisconsin, and pursuant to 28 U.S.C. § 1391(b)(2) in that a substantial part of the events or omissions giving rise to the Funds' claims occurred in the Eastern District of Wisconsin, Milwaukee Division.

## PARTIES

3. The Funds receive contributions from numerous employers pursuant to collective bargaining agreements entered into by various employer associations and Locals of the United Association of Journeymen and Apprentices of the Plumbing and Pipe Fitting Industry of the United States and Canada ("United Association") and therefore are multiemployer plans under 29 U.S.C. § 1002.

4. The Funds were established and are administered pursuant to the terms and provisions of their respective Agreements and Declarations of Trust ("Trust Agreements").

5. The Steamfitters Local 601 ("Local 601") is the representative of Johnson Controls' steamfitter employees working within Local 601's territorial jurisdiction.

6. Pursuant to Sections 502(a)(3) and 515 of ERISA (29 U.S.C. §§ 1132 and 1145), the Funds are authorized to bring this action on behalf of their participants and beneficiaries for the purpose of collecting unpaid contributions.

7. Defendant Johnson Controls is a Wisconsin corporation with its principal place of business located in Milwaukee, Wisconsin.

## FACTS

8. Johnson Controls is an employer in an industry affecting commerce that entered into an Installation and Service Agreement for the United States of America ("National Agreement") with the United Association of Journeymen and Apprentices of the Plumbing

and Pipe Fitting Industry of the United States and Canada. (A copy of the National Agreement in effect from March 1, 2022 through February 28, 2026 is attached as **Exhibit 1**).

9. Article X, paragraphs 46 through 50 of the National Agreement provide in relevant part as follows:

> 46. For employees covered by this Agreement, wage rates, workmen's compensation, hours of work, reporting pay premiums, on call time, pay differentials, and contributions or deductions for plans, programs, or funds, for International Training Fund, for union dues and assessments, pensions, health and welfare, training, political action, vacations and holidays, supplemental unemployment benefits, sick pay, severance pay and industry promotion shall be in accordance with those established for all employees in local agreements, negotiated by the local union of the United Association and the historically recognized local Contractor's bargaining group….
>
> \* \* \* \* \* \*
>
> 47. Journeymen – will receive the rate of pay and fringe benefits as specified in the local agreements.
>
> 48. Apprentices – will receive the rate of pay and fringe benefits as specified in the local agreements.
>
> 49. Servicemen – will receive the rate of pay and fringe benefits specified in the Schedule A to the UA/MSCA National Service & Maintenance Agreement ("NSMA") applicable to the area in which the Serviceman is working…
>
> \* \* \* \* \* \*
>
> 50. Tradesmen – will receive the rate of pay and fringe benefits specified in the Schedule A to the UA/MSCA National Service & Maintenance Agreement ("NSMA") applicable to the area in which the Tradesman is working….

(**Exhibit 1**).

10. The "local agreement[], negotiated by the local union of the United Association and the historically recognized local Contractor's bargaining group" in the present case is the Labor Agreement negotiated between Local 601 and the Plumbing and Mechanical Contractors

Association of Milwaukee and Southeastern Wisconsin, Inc. ("Labor Agreement"). (A copy of the Labor Agreement in effect from June 5, 2023 through the Sunday before the first Monday in June 2026 is attached as **Exhibit 2**).

11. The Schedule A under the NSMA for Local 601 requires employers to pay contributions to the local pension fund, health & welfare fund, training fund and industry fund at the "Local Contribution Rate." (A copy of the Schedule A under the NSMA for Wisconsin is attached as **Exhibit 3**).

12. For purposes of work performed within Local 601's jurisdiction, the relevant fringe benefit funds, including the "pensions, health and welfare, training" funds identified in Article X, paragraph 46 of the National Agreement, are the Health Fund, Training School, and the 401(k) Plan.

13. Article X, paragraph 61 of the National Agreement provides as follows:

    > 61. The Employer agrees to be bound by the Declarations of Trust establishing the local union or national trusts to which the Employer is required to contribute pursuant to Article X, Paragraph 46 above of this Agreement and the Employer agrees to be bound thereby and by all amendments made thereto the same as if the Employer was a party to said Declarations of Trust. The Employer hereby authorizes the parties to the local union agreements to name Trustees and successor Trustees to administer the local union trusts to which contributions are required under Article X hereof, and hereby ratifies and accepts such Trustees and the terms and conditions of the Declarations of Trust. The Employer is not required to comply with any union bonding requirements during the term of this Agreement.

    (**Exhibit 1**).

14. As such, Johnson Controls is bound to the Agreements and Declarations of Trust ("Trust Agreements") that established and govern the administration of the Health Fund, Training School, and the 401(k) Plan.

15. Contributions to the Health Fund, Training School, and the 401(k) Plan are due by the 15th day of the calendar month following the calendar month during which work was performed. (**Exhibit 2**).

16. Pursuant to the Trust Agreements, the respective Trustees of the Health Fund, Training School, and the 401(k) Plan established policies and procedures which make employers responsible for payment of liquidated damages of twenty percent (20%) on all untimely remitted contributions and interest of one and one-half percent (1.5%) per month on all untimely remitted contributions. (**Exhibit 2**); (A copy of the Health Fund's Trust Agreement, as amended, is attached as **Exhibit 4**).

## COUNT I
## BREACH OF THE TRUST AGREEMENTS

17. Plaintiffs re-allege and incorporate the allegations contained in Paragraphs 1-16 of this Complaint with the same force and effect as if fully set forth herein.

18. For the September 2023 work month, Johnson Controls remitted payment of contributions after the October 15, 2023 due date. As a result, Johnson Controls incurred liquidated damages of $10,812.63 and interest of $810.95. (Copies of Invoices for Liquidated Damages and Interest are attached as **Exhibit 5**).

19. In January 2024, Johnson Controls submitted a letter requesting that the Health Fund waive the "penalties" resulting from its late payment of the contributions owed for the September 2023 work month. (A copy of Johnson Controls' letter dated January 1, 2024 is attached as **Exhibit 6**).

20. During the 4th Quarter of 2024, the Board of Trustees of the Health Fund considered Johnson Controls' request and agreed to conditionally waive the liquidated damages if Johnson Controls remitted payment of the interest due and timely paid its ongoing monthly

contributions for the next twelve (12) months by the due date. (A copy of the Health Fund's letter dated December 30, 2024 is attached as **Exhibit 7**).

21. For the June 2025 work month, Johnson Controls remitted payment of the contributions due to the Health Fund, Training School, and the 401(k) Plan after the July 15, 2025 due date. As a result, Johnson Controls owes liquidated damages and interest in the amount of $741.28, as itemized below:

| Month: | Fund: | Liquidated Damages: | Interest: | Total: |
|---|---|---|---|---|
| Jun-25 | Health Fund | $508.24 | $38.12 | $546.36 |
| Jun-25 | Training Fund | $80.01 | $6.00 | $86.01 |
| Jun-25 | Day School | $12.07 | $0.91 | $12.98 |
| Jun-25 | Supplemental DC | $18.88 | $1.42 | $20.30 |
| Jun-25 | Roth 401(k) | $40.00 | $3.00 | $43.00 |
| Jun-25 | Pre-tax 401(k) | $30.35 | $2.28 | $32.63 |
| **TOTAL** | | **$689.55** | **$51.73** | **$741.28** |

22. Moreover, Johnson Controls' conditional waiver of the liquidated damages owed for its late payment of September 2023 contributions to the Health Fund was revoked and the full amount of liquidated damages in the amount of $10,812.63 is due and owing. (A copy of Plaintiffs' September 2, 2025 letter to Johnson Controls demanding payment totaling $11,553.92 is attached as **Exhibit 8**).

23. Johnson Controls refused to remit payment of $11,553.92 in liquidated damages and interest it owes as detailed in Plaintiffs' September 2, 2025 letter.

24. Plaintiffs have been required to employ the undersigned counsel to collect the monies that are due and owing from Johnson Controls.

25. Article IV, Section 4.6 of the Health Fund's Trust Agreement provides as follows:

> Section 4.6 The Trustees may require the payment by Employers of liquidated damages (as provided in the collective bargaining agreement or provided in a schedule established by the Trustees) and of applicable other costs and expenses (such, as without limitation, attorneys' fees, filing fees

and cost of service of papers) incurred by the Trustees and arising out of the collection of such Employers' delinquent contributions.

(**Exhibit 4**).

26. Pursuant to the Trust Agreements, the Trustees of the Health Fund and 401(k) Plan adopted a Collection and Payroll Audit Policy effective January 14, 2025. (A copy of the Collection and Payroll Audit Policy is attached as **Exhibit 9**).

27. Section 7, paragraph A of the Collection and Payroll Audit Policy provides that "[i]n the event a delinquent Employer is referred to Collection Counsel, the Employer shall be held responsible for any and all reasonable attorney's fees and costs associated with collection." (**Exhibit 9**).

28. Johnson Controls is obligated to pay the reasonable attorneys' fees and court costs incurred by Plaintiffs pursuant to the Trust Agreements, Collection and Payroll Audit Policy and 29 U.S.C. § 1132(g)(2)(D).

**WHEREFORE**, Plaintiffs respectfully request:

A. That Judgment be entered in favor of Plaintiffs and against Defendant Johnson Controls in the amount of $11,553.91 for liquidated damages and interest owed for its late payment of contributions in September 2023 and June 2025;

B. That Defendant Johnson Controls be ordered to pay the reasonable attorneys' fees and costs incurred by Plaintiffs pursuant to the Trust Agreements, Collection and Payroll Audit Policy and 29 U.S.C. § 1132 (g)(2)(D); and

C. That Plaintiffs have such other and further relief as the Court may deem just and equitable all at Defendant Johnson Controls' cost pursuant to 29 U.S.C. § 1132(g)(2)(E).

Dated: November 19, 2025

Respectfully Submitted,

**WISCONSIN PIPE TRADES HEALTH FUND,** *et al.*

/s/ Jeffrey A. Krol – IL Bar # 6300262
*One of Plaintiffs' Attorneys*
JOHNSON & KROL, LLC
311 South Wacker Drive, Suite 1050
Chicago, Illinois 60606
(312) 757-5465
jeffkrol@johnsonkrol.com